UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 08-cr-00295-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. PLATTE RIVER ASSOCIATES, INC.,

    Defendant.

## ORDER

THIS MATTER came before the Court during an Arraignment and Change of Plea Hearing on October 3, 2008. Defendant faces a one-count Information for knowingly and willfully dealing in property in which Cuba and Cuban nationals held an interest by providing specialized technical computer software and computer training used in the exploration and development of oil and gas within the territorial waters of Cuba without first having obtained a license from the Secretary of the Treasury, all in violation of 50 U.S.C. app. §§ 5 and 16 and 31 C.F.R. § 515. 201(b)(1). Defendant has pleaded guilty to this count, but at the hearing I deferred my acceptance of the plea until I could satisfy myself that a factual basis exists to accept the plea. I now find that there is sufficient evidence to establish a prima facie case of the violation alleged in the Information.

Prior to this case coming before the Court, the Department of Justice asked the Office of Foreign Assets Control (OFAC) to review the several hundred pages of

evidence in this case to determine whether Defendant had violated the Trading with the Enemy Act. OFAC determined that there was evidence to support a violation of the Cuban Assets Control Regulations, 31 C.F.R. § 515.201(b)(1). After reviewing the evidence provided to OFAC, I find that it supports the facts contained within the Plea Agreement and Statement of Facts Relevant to Sentencing, which was received as Exhibit I, and I reach the same conclusion.

Invoked under the authority granted by the Trading with the Enemy Act, 50 U.S.C. app. § 5, the Cuban Assets Control Regulations prohibit any person subject to United States jurisdiction from all dealings in property in which Cuba or a Cuban national has an interest. 31 C.F.R. § 515.201(b)(1). To prove a violation of the Trading with the Enemy Act, the government is required to show specific intent by proving "that a defendant had general knowledge of the law which forbade his actions and acted with the specific intent to violate the law." *United States v. Brodie*, 403 F.3d 123, 147 (3d Cir. 2005). 50 U.S.C. app. § 16 subjects violators of the Trading with the Enemy Act to a fine of not more than $1,000,000.

On October 13, 1998, agents from the United States Customs Service and the FBI put Jay and China Leonard, officers of Platte River Associates, on notice of relevant United States export laws. On or about October 23 to 27, 2000, Charlie James, a Platte River employee, trained Santiago Quesada, an employee of Repsol YPF, a Spanish company, with regard to a software on a project in conjunction with the Cuban government. The officers learned that James was working with a geological model of Cuba and instructed him to continue his work.

On October 27, 2000, Quesada was stopped by Customs and the Denver International Airport as he boarded a flight departing the United States, and they seized and analyzed his laptop computer. The following day, agents met with China Leonard and another Platte River employee. China Leonard informed the agents that they had previously been explained the law by Customs. The agents advised them again that Defendant could not directly or indirectly conduct business with embargoed countries.

I find that these facts thus support a showing that Defendant dealt in property in which Cuba and Cuban nationals had an interest, with knowledge that its actions were prohibited by federal law, in violation of 50 U.S.C. app. § 5 and 31 C.F.R. § 515.201(b)(1). Accordingly, it is hereby

ORDERED that the Change of Plea hearing in this case will resume on **Wednesday, January 28, 2009 at 11:00 a.m.**

Dated: January 16, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge